**COMMONWEALTH**
v.
**Gerald F. AHERN**
**William E. PRENDABLE**

Nos. 80-520—523

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

September 11, 1980

436

Counsel of Record
Phyliss Brooker, Attorney General,
Plaintiff
John McBride, Defendant

## MEMORANDUM OF DECISION

On January 20, 1980 at approximately 9:00 p.m., Miss Carol Winter, an American Airlines Ticket Agent, was approached by an individual in the San Francisco International Airport. The individual gave her a shoe box wrapped in tape and brown wrapping paper and asked that it be shipped as a priority parcel to Stoneham, Massachusetts. Following standard procedure, she asked the individual the worth of the package and he said it was worth two hundred dollars and it contained slippers and a purse. The individual appeared nervous and when asked what was in the box appeared frightened. The fee paid to ship the box to Massachusetts on American Airlines was seventy-one dollars. Suspicious of a shipment of shoes at the price of seventy-one dollars, Miss Winter brought the matter to her Supervisor who, following Civil Aeronautics Board regulations which permit the opening of parcels shipped on the Airline, opened the box and discovered that it contained, in addition to a pair of old shoes, a large quantity of white powder wrapped in a tube. Narcotic agents at the San Francisco Airport were summoned, tested the white powder and discovered it was cocaine. The agents then determined to make a controlled delivery, repackaged the box and sent it on to Massachusetts. Federal narcotics agents in Massachusetts and the Stoneham Police met the delivery, substituted Cremora for the bulk of the cocaine and resealed the box. The box had been originally addressed to the defendant Ahern and when he did not come to pick it up, the agents arranged for it to be delivered to his home in Stoneham. The agents had staked out the Ahern home prior to the delivery and noticed that a woman answered the door and accepted the package. Thereafter they observed a black Monte Carlo parking near the house. A white male left the vehicle and went inside the

Ahern residence. The agents, who had taken the precaution of obtaining a search warrant, then moved in to execute the warrant. As they approached the Ahern residence, the individual who had earlier exited the black Monte Carlo came outside. He was stopped by the Police and his outer clothing patted down to check for weapons. During the course of this pat down, he produced a revolver in a holster and stated: "I have a gun on me and I also have a permit." This individual, the defendant William Prendable, was then placed under

arrest. At the same time, the Police had noticed movement inside the house and commenced knocking vigorously on the door announcing their purpose and demanding entrance. When no one appeared immediately, the police officers began kicking the door. At this juncture, Mrs. Ahern appeared and admitted the Officers. Upon being asked the whereabouts of her husband she said that he was in the cellar. Officer Gregory O'Keefe ran down into the cellar discovering himself to be in a finished family room with a bar and sink located at the far end. He observed the defendant Ahern at this sink attempting to flush a plastic bag down the drain. Mister Ahern was arrested and the search authorized by the warrant commenced. The shoe box shipped from San Francisco was found open on a shelf above the sink. Its contents were missing. White powder was observed on a coffee table nearby along with a few dollars in cash and a strainer. Near the coffee table was a black zip-top brief case. The police opened the brief case and found nine thousand seven hundred dollars inside. A weighing machine was located on the right hand side of the room. Certain record books were discovered inside the black brief case. Upstairs in the living room of the Ahern residence the police recovered six ounces of marijuana and a bottle containing a whitish liquid. Traces of cocaine were found on the coffee table in the downstairs family room.

The defendant Ahern first contends that all the items seized must be suppressed because the shoe box was searched in San Francisco in violation of his Fourth Amendment rights. I disagree. "It has long been settled that the Fourth Amendment of the United States Constitution applies only to searches and seizures taken by or at the direction of the State; and consequently, evidence obtained illegally by private parties and turned over to the police, is not obtained in violation of the Fourth Amendment." **Commonwealth V. Storella,** Mass. Appeals Court Advance Sheets (1978) 499, 502. Defendant argues that the action of the American Airlines employees was State action since the shoe box was opened pursuant to Civil Aeronautics Board regulations. This does not convert the action taken here into State action. We are not here dealing with first class mail but with a package sent via a private delivery service. There could be no more than a contractual expectation of privacy with respect to the contents of that box. And even this expectation must be deemed to have yielded to the good faith need of the carrier and its employees to assure the safety of persons engaged in airline transportation under its care. Here, where a small box was delivered for airline transportation by an individual acting most suspiciously, the airline employee had every right to open the box to assure that it contained no hazardous material that might jeopardize the safety of the flight.

No objection is made concerning the procedure followed in obtaining the search warrant or conveying the package to the Ahern home. Contrary to the contention of the defendant Ahern the search inside the house was not general but was directed specifically to the box and its contents. Those contents being small and easily hidden or disposed, it was reasonable to extend the search as authorized by the warrant to various places in the home where the contents of the box might have been hidden.

The Motion to Suppress of defendant Ahern accordingly must be denied in its entirety.

The Motion of the defendant Prendable stands on a somewhat different footing. I rule that he has no standing to object to the search of the box in San Francisco or the later search of the Ahern home. Alternatively should he have standing to raise such an

438

objection, the Motion is denied in this respect upon the grounds stated above. The search of his person is, however, not free from flaw. When the police closed in on the Ahern home they knew that a box purporting to contain cocaine worth thousands of dollars in street value was located inside. They had every reason to expect that the addressee of that box was involved in criminal activity in which the stakes were high. They did not, however, know anything about Mister Prendable. For all the police knew, he could have been a bill collector or a family friend. Nevertheless, when he emerged from the home and the police observed sudden movement within, they faced an emergency situation and had sufficient reason to stop and frisk Mister Prendable for their own safety. **Terry V. Ohio** 392 U.S. 1 (1968) When this initial pat down revealed that Mister Prendable was armed, I conclude they had the right to detain him until such time as the interior of the Ahern home had been secured and the police were satisfied that neither they nor anyone in the area was in danger. Their prompt conduct to secure Mister Prendable is unexceptionable. Nevertheless, without more indication that he had knowledge of and was involved in criminal activity relating to the purported cocaine, the police had no probable cause to arrest him or search him further. Accordingly, the two thousand dollars found on his person and his explanation of how those funds came into his possession must be suppressed. In all other respects his Motion is denied by the Court.

I reserve the right to amplify on the legal grounds for this decision should it appear appropriate to do so; and having dictated it from the bench, to further amplify the findings of fact. I will not, of course, alter any of these findings.

**William G. Young**
**Justice of the Superior Court**